**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MACK W. THOMAS,

Petitioner-Appellant,

v.

JOE ORTIZ, Executive Director of the
D.O.C.; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

Respondents-Appellees.

No. 10-1048
(D.C. No. 1:07-CV-00114-LTB-MEH)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Mack W. Thomas, proceeding pro se, seeks to appeal from the denial of his

28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C.

§ 2253(c)(1)(A). Because Thomas has not "made a substantial showing of the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of a constitutional right, *id.* § 2253(c)(2), we deny his request for a Certificate of Appealability (COA) and dismiss this appeal.

Thomas was convicted by a Colorado jury of two counts of sexual assault on a child and sentenced to sixteen years in prison and lifetime probation. Thomas contends he is entitled to a COA on the following claims: (1) he was deprived of his constitutional right to a fair trial through malicious prosecution, perjury, and fabrication of evidence; (2) he is being detained in violation of the Constitution due to ineffective assistance of counsel at trial and on direct appeal; (3) he was deprived of his constitutional right to counsel on direct appeal, which is an "objective factor" that prevented him from perfecting his appeal; and (4) he was deprived of his constitutional right to have access to the state court process by the state court judge's refusal to inquire or hold hearings into his allegations of ineffective assistance of appellate and post-conviction counsel. In a thorough, comprehensive, and well-reasoned "Recommendation for Dismissal," a magistrate judge recommended denying Thomas's request for habeas relief. The district judge considered Thomas's objections, concluded that the magistrate's recommendation was correct, and denied Thomas's habeas petition.

To be entitled to a COA, Thomas must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). We have undertaken a thorough review of Thomas's COA application, his opening appellate brief, the magistrate's well-stated Recommendation for Dismissal, the record, and the applicable law; Thomas is not entitled to a COA.[1] Accordingly, we DENY Thomas's request for a COA and DISMISS this appeal.

In the district court Thomas moved for leave to proceed in forma pauperis on appeal. The court denied the motion, concluding the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). He reapplied to this court. We also DENY the request; Thomas must immediately pay all filing and docketing fees to the district court. Finally, we DENY as moot Thomas's motion to stay state court proceedings pending his appeal.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[1] In reaching this conclusion, we agree substantially with the analysis set forth in the magistrate's Recommendation for Dismissal. However, Thomas's fourth claim was reviewed de novo because the magistrate thought the Colorado Court of Appeals had not addressed it. We read the Court of Appeals's decision as having addressed the claim, which requires a more deferential standard of review, *see* 28 U.S.C. § 2254(d)(1)-(2). But it does not change the result.